FILED & ENTERED

MAR 30 2015

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY milano    DEPUTY CLERK

**<u>ORDER NOT FOR PUBLICATION</u>**

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

LOS ANGELES DIVISION

| | |
|---|---|
| In re<br><br>ENID BANFIELD RICHARDS,<br><br>     Debtor.<br><br>DAVID M. GOODRICH, Chapter 7 Trustee,<br><br>     Plaintiff,<br><br>  vs.<br><br>ENID BANFIELD RICHARDS; CLAUDON E. RICHARDS,<br><br>     Defendants. | Case No. 2:14-bk-21035-RK<br><br>Chapter 7<br><br>Adv. No. 2:14-ap-01764-RK<br><br>ORDER GRANTING MOTIONS OF DEFENDANTS CLAUDON E. RICHARDS AND ENID BANFIELD RICHARDS TO SET ASIDE ENTRY OF DEFAULT |

Pending before the court are the Motions of Defendants Claudon E. Richards and Enid Banfield Richards ("Defendants") to Set Aside Default, filed January 2, 2015. ECF 14 and 15. Plaintiff David M. Goodrich, Chapter 7 Trustee ("Plaintiff" of "Trustee"), filed an Opposition to the Motions on March 2, 2015 (ECF 34) and Defendants filed Replies on March 10, 2015. ECF 39 and 40. Because the Motions and Replies are substantially identical, the court considers them together. The court, having considered the arguments

in the Motions, Opposition, and Replies, determines that oral argument on the Motions is not necessary, dispenses with oral argument, takes the Motions under submission, vacates the hearings, and grants the Motions.

This adversary proceeding was initiated when Plaintiff filed his complaint on November 24, 2014, with a responsive pleading due on December 24, 2014 based on issuance of a summons on that date. *See* Fed. R. Bankr. P. 7012(a) (answer due within 30 days of issuance of a summons if duly served). There is no dispute that copies of the summons and complaint were duly served on Defendants on November 26, 2014. *See* Fed. R. Bankr. P. 7004(e) (service of summons must be made within 7 days of issuance); *Declaration of Robert A. Hessling re Service of: (1) Complaint; (2) Summons and Notice of Status Conference in Adversary Procedure [LBR 7004-1]; and (3) Notice re Free Legal Help,* filed on November 26, 2014, ECF 4. Defendants did not serve a responsive pleading by the due date of December 24, 2014, 30 days after issuance of the summons under Federal Rule of Bankruptcy Procedure 7012(a). Plaintiff David M. Goodrich filed a Request for Entry of Default under Local Bankruptcy Rule 7055-1 against each Defendant on December 30, 2014. ECF 5 and 6. The Clerk of Court entered default against Defendants on that same day. ECF 7 and 8. On December 31, 2014, Defendant Enid Banfield Richards served and filed an answer, and Defendant Claudon E. Richards served and filed a Motion to Dismiss. ECF 9 and 10.

Defendants acknowledge that they missed the deadline for serving a responsive pleading, but request that the court set aside entry of default pursuant to Federal Rules of Civil Procedure 55, made applicable to bankruptcy proceedings by Federal Rule of Bankruptcy Procedure 7055. ECF 14 at 4:19 - 6-12 (page:line); ECF 15 at 4:15 – 6:8.

Granting or denying a motion to set aside a default or default judgment is committed to the sound discretion of the trial court. 1 Schwarzer, Tashima and Wagstaffe, *California Practice Guide: Federal Civil Procedure Before Trial,* ¶ 6:218 at 6-68.1 (2014), *citing inter alia, Direct Mail Specialists, Inc. v. Eclat Computerized Technologies, Inc.,* 840 F.3d 685, 690 (9th Cir. 1988). The court also is mindful that no default judgment has been entered

and therefore "a district court's discretion is 'especially broad' when, as in this case, 'it is entry of default that is being set aside, rather than a default judgment.'" *Brady v. United States*, 211 F.3d 499, 504 (9th Cir. 2000) (citation omitted).  Since the provisions for relief from default are remedial in nature, they must be liberally applied.  1 Schwarzer, Tashima and Wagstaffe, *California Practice Guide: Federal Civil Procedure Before Trial,* ¶ 6:220 at 6-68.1, *citing, In re Hammer,* 940 F.2d 524, 525 (9th Cir. 1991).  Default judgments are generally disfavored.  1 Schwarzer, Tashima and Wagstaffe, *California Practice Guide: Federal Civil Procedure Before Trial,* ¶ 6:221 at 6-68.1, *citing, In re Hammer,* 940 F.2d at 525.  Where a defendant seeks timely relief from default or default judgment and has a meritorious defense, any doubts should be resolved in favor of granting a motion for relief from default or default judgment.  1 Schwarzer, Tashima and Wagstaffe, *California Practice Guide: Federal Civil Procedure Before Trial,* ¶ 6:222 at 6-68.1, *citing, In re Hammer,* 940 F.2d at 525 and *Direct Mail Specialists, Inc. v. Eclat Computerized Technologies, Inc.,* 840 F.3d at 690.  However, there are other and competing policy considerations regarding motions for relief from default or default judgment, such as the need for prompt handling of litigation and for enforcement of compliance of procedural requirements.  1 Schwarzer, Tashima and Wagstaffe, *California Practice Guide: Federal Civil Procedure Before Trial,* ¶ 6:222 at 6-68.1, *citing, Meadows v. Dominican Republic,* 817 F.2d 515, 521-522 (9th Cir. 1987) and *Direct Mail Specialists, Inc. v. Eclat Computerized Technologies, Inc.,* 840 F.3d at 690.

  The court should evaluate Defendants' Motions to Set Aside Default using a three-part "good cause" analysis outlined by the Ninth Circuit as discussed below:

  The good cause analysis considers three factors:

  (1) whether [defendant] engaged in culpable conduct that led to the default;

  (2) whether [defendant] had a meritorious defense; or

  (3) whether reopening the default judgment would prejudice [plaintiff].

   As these factors are disjunctive, the district court [is] free to deny the motion "if any of the three factors was true."

*Franchise Holding II, LLC. v. Huntington Restaurants Group., Inc.*, 375 F.3d 922, 925-926 (9th Cir. 2004) (citation omitted).

The court finds that the record before it supports a finding of two of the three factors described above in that Defendants may have a meritorious defense and reopening the case would not prejudice Plaintiff. The court also finds that the record does not support a finding of the first factor, that the conduct of Defendants was not culpable, in that counsel for Defendants acknowledges that he inadvertently failed to file responsive pleadings for his clients because he began to take his Christmas vacation on December 22, 2015, shortly before the due date of December 24, 2015. Although counsel for Defendants tried to rectify the situation by contacting counsel for Trustee shortly thereafter on December 31, 2014, to request the setting aside of default and filed and served responsive pleadings on that date, and Defendants themselves were blameless, these circumstances do not indicate excusable neglect to justify a finding of the first factor of lack of culpable conduct by Defendants. ECF 14 at 6:14 - 8:6 and 11:1 - 12:18; ECF 15 at 6:10 - 8:1; *see also,* 1 Schwarzer, Tashima and Wagstaffe, *California Practice Guide: Federal Civil Procedure Before Trial,* ¶ 6:173 at 6-46 – 6-47, *citing inter alia, Pioneer Investment Services Co. v. Brunswick Associates Limited Partnership,* 507 U.S. 380, 396 (1993).

In regards to prejudice, Trustee argues that it will be prejudiced if the entry of default is set aside because Trustee will incur expenses in litigation. *Opposition*, ECF 35 at 16:23 - 17:11. This is not sufficient to establish prejudice. "There is no prejudice to the plaintiff where the setting aside of the default has done no harm to plaintiff except to require it to prove its case." 1 Schwarzer, Tashima and Wagstaffe, *California Practice Guide: Federal Civil Procedure Before Trial,* ¶ 6:189 at 6-60, *quoting Lacy v. Sitel Corp.*, 227 F.3d 290, 293 (5th Cir. 2000) and *citing TCI Group Life Insurance Plan v. Knoebber*, 244 F.3d 691, 701 (9th Cir. 2001). Here, Defendants served and filed responsive pleadings only one day after the Clerk entered default, and only seven days after the due

4

1 date for their responsive pleadings.  These circumstances do not indicate prejudice to

2 Trustee.

3       Moreover, Defendants may have meritorious defenses to Trustee's claims.

4 Without delving too deeply into the merits of Trustee's case, the court notes that

5 Defendants deny the majority of Trustee's allegations, and the key issues in this case,

6 such as Defendant Enid Banfield Richards' insolvency at the time of the transfers, her

7 intent in making the transfers, and the detriment to Defendant Claudon E. Richards if the

8 property is sold free and clear of his co-owner interest, should be resolved on the merits

9 and not by entry of default.   ECF 14 at 8:8-28 and Exhibits 1 and 2 attached thereto;

10 ECF 15 at 8:3-23 and Exhibits 1 and 2 attached thereto; *see also, United States v.*

11 *Signed Personal Check No. 730 of Yubran S. Mesle*, 615 F.3d 1085, 1091 (9th Cir. 2010)

12 ("'judgment by default is a drastic step appropriate only in extreme circumstances; a case

13 should, whenever possible, be decided on the merits.'" *citing Falk v. Allen,* 739 F.2d 461,

14 463 (9th Cir. 1984)).  However, the court does not give credence to Defendants' claims

15 set forth in the Motions that the complaint fails to state a claim upon which relief can be

16 granted, which it does for fraudulent transfer under 11 U.S.C. § 544(b) and California

17 Civil Code §§ 3439.04(a) and 3439.05(a), that Plaintiff has failed to plead sufficient facts

18 to establish a right to the relief requested, which he does for fraudulent transfer, the Court

19 lacks jurisdiction pursuant to Rule 12(b) of the Federal Rules of Civil Procedure, which it

20 does for the reasons stated in the separate order denying the motion of Defendant

21 Claudon  E. Richards to dismiss, filed concurrently herewith, or based on "etc.", which

22 has no substantive force, *see,* Wikipedia entry for "et cetera," stating that it "is a Latin

23 express that means "and other things," or "and so forth")

24 http://en.wikipedia.org.wiki/Et_cetera, accessed on March 30, 2015 ("In the 1956 film *The*

25 *King and I,* Yul Brynner, who played King Mongkut of Siam, repeatedly used the phrase,

26 '. . . *et cetera, et cetera, et cetera . . .',* to characterize the King as wanting to impress

27 with his great knowledge of many things and his importance in not having to detail them.

28 This was based on the usage in the book *Anna and the King of Siam* which related the

real king's playful interest in numerous things, with the phrase, '&c, &c.') (footnotes omitted).  ECF 14 at 8:8-28 and Exhibits 1 and 2 attached thereto; ECF 15 at 8:3-23 and Exhibits 1 and 2 attached thereto.

In exercising its discretion to grant or deny relief from default, the court weighs the various considerations and determines that it should exercise its discretion to grant the Motions because Defendants have shown that they have sought timely relief from default or default judgment and assert meritorious defenses, and thus, any doubt should be resolved in favor of granting a motion for relief from default or default judgment.  1 Schwarzer, Tashima and Wagstaffe, *California Practice Guide: Federal Civil Procedure Before Trial,* ¶ 6:222 at 6-68.1, *citing, In re Hammer,* 940 F.2d at 525 and *Direct Mail Specialists, Inc. v. Eclat Computerized Technologies, Inc.,* 840 F.3d at 690.  While the court could conceivably exercise its discretion to deny the Motions based on Defendants' lack of showing of the absence of culpable conduct based on their counsel's neglect of the deadline for serving responsive pleadings, the court does not exercise its discretion to deny the Motions because the factor of culpable conduct under the circumstances of this case does not outweigh the other factors showing Defendants' timely asserted intent to defend and to seek relief from default, especially given the general policy that default judgments are disfavored and disputes should be resolved on the merits.  1 Schwarzer, Tashima and Wagstaffe, *California Practice Guide: Federal Civil Procedure Before Trial,* ¶ 6:221 at 6-68.1, *citing, In re Hammer,* 940 F.2d at 525.  The court notes that Trustee questions the merit of Defendants' defenses to obtain relief from default, but it seems that at this point of the litigation, Defendants should have the opportunity to mount defenses if they can, and if ultimately, their defenses do not have a reasonable basis in fact or law, Trustee might well consider seeking sanctions against Defendants and their counsel pursuant to a motion under Rule 9011 of the Federal Rules of Bankruptcy Procedure.

For the foregoing reasons, the court orders as follows:

1. Defendants' Motions to Set Aside Entry of Default are granted.
2. The entry of default against each Defendant is ordered set aside.

3. The answer of Defendant Enid Banfield Richards is deemed timely filed as of the date of entry of this order.

4. The motion of Defendant Claudon E. Richards to dismiss is deemed timely filed and resolved pursuant to the separate order of the court ruling on the motion.

5. The Clerk of Court is hereby authorized and ordered to take any action necessary to implement this order.

6. A status conference in this adversary proceeding is set for June 2, 2015 at 1:30 p.m. in Courtroom 1675, Roybal Federal Building, 255 East Temple Street, Los Angeles, California. The parties are required to conduct a meeting of counsel and file a joint status report pursuant to Local Bankruptcy Rules 7016-1 and 7026-1.

IT IS SO ORDERED.

###

Date: March 30, 2015

_____
Robert Kwan
United States Bankruptcy Judge